IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARKUS GAFFNEY, on behalf of himself and all others similarly situated, | ) ) ) Civil Action No. |
| Plaintiffs, | ) ) |
| v. | ) ) |
| | ) JURY TRIAL DEMANDED |
| STREET CAFES, INC. D/B/A/ NINE Street Kitchen, ABBIGAIL CLARK, KELLIE CLARK, AND RICHARD CLARK, | ) ) COLLECTIVE CERTIFICATION ) SOUGHT ) ) |
| Defendants. | ) ) |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Markus Gaffney, on behalf of himself and all others similarly situated, and files his lawsuit against Defendants Street Cafes, Inc., Abbigail Clark, Kellie Clark, and Richard Clark (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as

the representative party for all similarly situated employees of Street Cafes Inc. d/b/a/ NINE Street Kitchen (hereinafter "NINE").

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA"), during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II.    Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 216(b).

4.

Defendant NINE is a Georgia corporation, and the unlawful employment practices described herein were committed in Fulton County at 982 Canton Street, Roswell, Georgia, 30075. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III.   Parties

5.

Plaintiff Gaffney is a citizen of the United States of America and resident of the State of Georgia.

6.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant NINE, as defined under 29 U.S.C. §203(e).

7.

Defendant NINE is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

8.

Defendant NIINE is a private employer engaged in interstate commerce with gross revenues that exceed $500,000 per year.

9.

Defendant Abbigail Clark was, at all relevant times, Chief Executive Officer of Defendant NINE and, as such, acted directly or indirectly in the interest of an employer in relation to Plaintiff and the members of the Collective Class (see below), as set forth in the definition of "employer" under 29 U.S.C. § 203(d).

10.

Defendant Kellie Clark was, at all relevant times, co-owner of Defendant NINE and, as such, acted directly or indirectly in the interest of an employer in relation to Plaintiff and the members of the Collective Class (see below), as set forth in the definition of "employer" under 29 U.S.C. § 203(d).

11.

Defendant Richard Clark was, at all relevant times, co-owner of Defendant NINE and, as such, acted directly or indirectly in the interest of an employer in relation to Plaintiff and the members of the Collective Class (see below), as set forth in the definition of "employer" under 29 U.S.C. § 203(d).

12.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

### IV. Collective Action Allegations

13.

Plaintiff brings this action on behalf of himself and all others similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are persons who are currently or have been employed by

Defendants during the relevant time period as tipped employees as defined under 29 U.S.C. § 203(m) (hereinafter "the Collective Class").

14.

During the relevant time period, Plaintiff and the Collective Class were not paid a direct cash wage of at least $2.13 an hour.

15.

During the relevant time period, Plaintiff and the Collective Class were required to share tip-pool proceeds with employees who did not customarily and regularly receive tips (e.g. utility workers).

16.

During the relevant time period, Plaintiff and the Collective Class were required to work off-the-clock without compensation.

17.

During the relevant time period, Plaintiff and the Collective Class regularly earned less than the federal minimum wage of $7.25 an hour.

18.

Prior to April 2012, Plaintiff and the Collective Class were improperly classified as "independent contractors." Specifically, Defendants controlled all aspects of their jobs. For instance, Plaintiff and the Collective Class were: (1) hired

on a permanent basis; (2) required to clock-in and clock-out; (3) trained; and (4) told how and when to perform their jobs.

19.

During the relevant time period, Plaintiff and the Collective Class were required to train other employees and were not compensated for such.

20.

During the relevant time period, Plaintiff and the Collective Class were not paid time and one-half the regular rate of pay (which includes both the cash wage and tip credits) on the occasions that Plaintiff and the Collective Class worked over forty (40) hours in a workweek.

21.

As a result of Defendants' unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

### V.    Violations of the Fair Labor Standards Act.

22.

Plaintiff repeats and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

23.

Defendants, individually and collectively, jointly and severally, have violated the FLSA by: (1) failing to pay Plaintiff and the Collective Class a direct cash wage of $2.13 for all hours worked; (2) requiring Plaintiff and the Collective Class to share tip proceeds with employees who do not customarily and regularly receive tips; (3) requiring Plaintiff and the Collective Class to work off-the-clock without compensation; (4) misclassifying Plaintiff and the Collective Class as independent contractors; (5) requiring Plaintiff and the Collective Class to train other employees without compensation; and (6) failing to pay Plaintiff and the Collective Class the overtime wage differential.

24.

Defendants knew, or showed reckless disregard for the fact that their actions violated the FLSA.

25.

As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Collective Class have suffered a loss of income and other damages.

26.

Plaintiff and the Collective Class are entitled to back wages, liquidated damages in an equal amount, attorneys' fees, and costs incurred in connection with

this claim.

## VII. **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant class certification;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 7th day of February, 2013.

        **BARRETT & FARAHANY**

        /s/ V. Severin Roberts
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorney for Plaintiff

**BARRETT & FARAHANY**
1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile