## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between named Plaintiff Markus Gaffney, proposed opt-in Plaintiffs Sean Garnet, Phillipe Greenough, Jessica Harmon, Daria Russell, and Christian Zak (Plaintiff and proposed opt-in Plaintiffs hereinafter referred to collectively as "Plaintiffs"), and Defendants Street Cafes, Inc. d\b\a NINE Street Kitchen (hereinafter referred to as "NINE"), as well as individuals Abbigail Clark, Kellie Clark, and Richard Clark (NINE and the individual Clarks collectively referred to hereinafter as "Defendants")(Plaintiffs and Defendants collectively referred to hereinafter as the "Parties"). The following paragraphs constitute the entire Agreement between the Parties and supersede any and all prior agreements or understandings between them pertaining to the subject matter of this Agreement; no amendment to, or modification of, this Agreement will be valid or binding unless made in writing and signed by all Plaintiffs and Defendants affected by the amendment or modification.

### WITNESSETH:

WHEREAS, Plaintiffs were employed at NINE as servers and/or bartenders; and

WHEREAS, Plaintiffs claim that they were denied minimum wage, overtime, and other full compensation due them under the Fair Labor Standards Act of 1934 (hereinafter "FLSA"), and Defendants deny those claims other than possibly an arguable claim for overtime for all Plaintiffs which would total less than $200 for all Plaintiffs for their entire periods of employment; and

WHEREAS, Markus Gaffney, on behalf of himself and others similarly situated, filed a lawsuit in the United States District Court, Northern District of Georgia, Atlanta Division ("this Court"), Civil Action No. 1:13-cv-0409-RWS, against Defendants, claiming various violations of the FLSA, with proposed opt-in Plaintiffs having executed consents to join this lawsuit; and

WHEREAS, the Parties desire to buy their peace and compromise all these disputes between them prior to Defendants having to file their Answers to the lawsuit, and to set forth their mutual understandings and agreements with respect thereto herein.

NOW, THEREFORE, in consideration of the payment of monies not available to other current and former employees of NINE, the sufficiency of which is hereby acknowledged by Plaintiffs, and in further consideration of the promises, covenants, and releases hereinafter set forth, the Parties hereto agree as follows:

1. NINE agrees to pay a total of $11,500 on behalf of all Plaintiffs, plus an additional $13,500 in attorney fees and costs to Plaintiffs' counsel Barrett and Farahany LLP, with these monies to be paid according to the schedule and allocation set forth herein. Of these amounts, a total of $20,000 will be paid in weekly installments by Thursday, October 10, 2013. The remaining $5,000 will be paid in weekly installments starting Friday, October 18, 2013 and ending Friday, June 20, 2014. The weekly installments will commence on the first Thursday following the Court's approval of this Agreement.

2. The weekly payments referred to in item 1 immediately above are to be allocated by percentage relative to the total of $25,000 as follows: 1) $13,500 to Plaintiffs' counsel; 2) $2,232 to Markus Gaffney; 3) $1,410 to Sean Garnet; 4) $2,595 to Phillipe Greenough; 5) $3,045 to Jessica Harmon; 6) $1,518 to Daria Russell; and 7) $700 to Christian Zak. The amounts above for 2) - 7) approximate the relative percentage of total hours worked at NINE for each Plaintiff. NINE's computer time records provide that Plaintiffs collectively worked 4,353.5 hours during the course of their employment. This Agreement reflects NINE paying approximately an additional $2.64 per hour of employment per Plaintiff per those records.

3. The Parties agree that the payments on behalf of each Plaintiff will be considered for reporting purposes to be one-half as wages (with applicable withholding/deductions and any other legally required adjustments) and one-half as liquidated damages. NINE will issue Form W-2s for the wage payment allocations, and Form 1099s for the liquidated damages allocations. Defendants will receive no credit in the calculation of payments made for the benefit of any Plaintiff that is a required *employer* contribution triggered by the payments under this Agreement (such as mandated matching employer contributions for FICA, etc.). Defendants will receive credit for payments made of behalf of Plaintiffs for *employee* obligations (such as the withholding paid to tax services on behalf of each Plaintiff, but only to the extent NINE shows such payments were sent).

4. The Parties expressly agree to refrain from uttering any false and disparaging remarks with willful intent to harm the other, or from making any statement, oral or written, intended to portray the other in an unfavorable light or with the purpose of subjecting the other to scorn or ridicule. In particular, Plaintiffs acknowledge no proof that Defendant Richard Clark was ever convicted of a crime other than a traffic offense, and thereby will not spread, disseminate or otherwise publish the apparent rumor, vehemently denied by Defendants, that Richard Clark was convicted of, and served time for, tax fraud.

5. Upon payment of the amounts due under this Agreement, Plaintiffs hereby forever and finally release, settle, waive, discharge, acquit, and reach full accord and satisfaction of any and all claims under the FLSA as well as any state wage and hour claims against NINE, its parents, subsidiaries, affiliates, directors, officers, agents, shareholders, employees, representatives, successors, and assigns, and Plaintiffs, for themselves, their heirs, executors, administrators, successors, and assigns, do hereby release, remit, acquit, and forever discharge NINE, its parents, subsidiaries, affiliates, directors, officers, agents, shareholders, representatives, employees, successors, and assigns from any and all claims or causes of action of each and every kind and nature whatsoever, including, but not limited to all claims under the FLSA or state wage and hour claims, which any Plaintiff has or may have or accrue, arising or claimed to arise out of Plaintiff's employment with the Company at any time until the effective date of this Agreement.

6. Plaintiffs specifically acknowledge that this Agreement cannot in any way be construed as an admission of liability by any or all of Defendants of any violation of federal, state, or local law, regulation, or the common law of any state, or of any policy or procedure of NINE or the public; to the contrary, liability is expressly denied.

7. The Parties agree that, except as expressly set forth above, each will bear its own attorneys' fees, costs, and expenses.

8. Plaintiffs' counsel, Barrett & Farahany LLP, as a condition of this Agreement, represent that they do not currently represent any other current or former employees of NINE other than the Plaintiffs, and will not solicit representation for a period of 3 years from the date of this Agreement of any other current or former employees of NINE to make any FLSA claim against any of Defendants relating to employment at NINE.

9. All Parties to this Agreement have been represented by counsel during the preparation of, and negotiation over, its terms, the Parties agree that the language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. Should any provision of this Agreement be declared or be determined by any court or other body with proper jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

10. The laws of the state of Georgia shall govern the validity, interpretation and enforcement of this Agreement should any dispute arise concerning or related to it. Further, the parties submit exclusively to personal jurisdiction in the State of Georgia for any action arising out of or in connection with this Agreement, waive any and all personal rights under the laws of any state to object to jurisdiction within the State of Georgia, and agree that for any cause of action arising out of or in connection with this Agreement, venue is proper solely in the otherwise appropriate Georgia court in Fulton County or the US District Court for the Northern District of Georgia in Atlanta.

11. The Parties agree that they will not directly or indirectly challenge any paragraph of this Agreement as invalid or unenforceable and will take no action contrary to any of its provisions other than as ordered by a court of law.

12. Plaintiffs raised the argument that the restaurant "Biscuits & More" (in Cobb County, Georgia on or near Johnson Ferry Road) may be sufficiently connected with NINE to have FLSA liability for Plaintiff's employment at NINE. Defendants expressly deny any such connection. As a condition of this settlement, Plaintiffs hereby expressly release any claim for liability against the restaurant doing business as "Biscuits & More" arising out of the employment of any Plaintiff at NINE. This release expressly extends to Biscuit & More's owners, subsidiaries, affiliates, directors, officers, agents, shareholders, employees, representatives, successors, and assigns.

13. Each Plaintiff agrees to not be physically present within 50 feet of the known businesses or residences of any Defendants, specifically including Main Street Kitchen on North Main Street in Alpharetta, Georgia and Ricky's Fish Camp on Atlanta Street in Roswell, Georgia, whether or not such businesses are directly owned by, or affiliated with, any of the Defendants.

14. Plaintiffs acknowledge that each does not, and will not, seek reinstatement or future employment with NINE nor its parent, subsidiary and affiliated companies and operations.

Plaintiffs further acknowledge that NINE shall not be under any legal or equitable obligation whatsoever to consider any of the Plaintiffs for reinstatement or employment at any time.

15. Each Plaintiff acknowledges that he or she does not have a pending workers' compensation claim for any injury while employed at NINE, and will not be making any such claim based on information known as of the date of this Agreement.

16. Should any of the payments referred to above not be made as set forth in this Agreement, Plaintiffs' counsel will so notify Defendants' counsel by email to rkodlaw@gmail.com, with a contemporaneous copy to Abbigail Clark at abbyleigh523@gmail.com . Defendants will have 5 calendar days to cure the payment default.

17. Should Defendant(s) fail to cure any payment default as set forth in item 16 immediately above, then Plaintiffs may elect either to: 1) return all previous payments made per this Agreement to NINE and move for this case to be reopened and resumed on the merits; or 2) move for entry of a judgment, accompanied by an affidavit of Plaintiff's counsel accurately setting forth the payments made per this Agreement. The judgment would be for $25,000 less the total of amounts paid for the benefit of the Plaintiffs. The judgment would be against all Defendants jointly and severally.

18. This Court will retain jurisdiction of this case until this Agreement is completed, including Defendants' full payment of the amounts set forth in Paragraph No. 2. This case will be dismissed with prejudice upon the filing of the accurate affidavit of Defendants' counsel that this Agreement has been completed. Until then, the Parties consent to this Court administratively suspending and/or dismissing this case while retaining jurisdiction to enforce the settlement.

[*Signatures on the following page*]

_____  
V. Severin Roberts  
Attorney for Defendants

_____  
Richard K. O'Donnell  
Attorney for Defendants

_____  
Markus Gaffney  
Plaintiff

_____  
Sean Garnett  
Proposed Opt-in Plaintiff

_____  
Jessica Harmon  
Proposed Opt-in Plaintiff

_____  
Phillipe Greenough  
Proposed Opt-in Plaintiff

_____  
Daria Russell  
Proposed Opt-in Plaintiff

_____  
Richard Clark  
Defendant

_____  
Abbigail Clark  
Defendant

_____  
Kellie Clark  
Defendant

_____  
Representative of Defendant NINE

_____  
Christian Zak

6/21/13  
Date

6/8/13  
Date

6/20/13  
Date

6/13/13  
Date

6/21/13  
Date

6-14-13  
Date

6/14/13  
Date

6/5/13  
Date

6/5/13  
Date

6/4/13  
Date

6/11/13  
Date

6-20-13  
Date

-5-